IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JERONE MCDOUGALD, | : | Case No. 1:18-cv-523 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER OF DISMISSAL** |
| MS. SALYERS, *et al.*, | : | |
| Defendants. | : | |

Mr. McDougald, an inmate at the Southern Ohio Correctional Facility, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. He sought to proceed without paying fees by filing a Motion to Proceed *In Forma Pauperis* (Doc. 1). The Magistrate Judge recommended denying Mr. McDougald's motion pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. McDougald has filed at least twenty cases in the Southern District of Ohio. (*See* Report and Recommendation, Doc. 2 at PageID 25, fn. 1.) At least three of those prior complaints have been dismissed with prejudice for failure to state a claim upon which relief may be granted. (*Id.* at PageID 26.)

Relying on § 1915(g), the Magistrate Judge issued a Report and Recommendation on August 2, 2018, concluding that Mr. McDougald should not be permitted to proceed *in forma pauperis* in this case. Mr. McDougald failed to object to the Magistrate Judge's Report and

1

Recommendation, and this Court adopted the Magistrate Judge's Report and Recommendation on September 28, 2018 (Doc. 5). Specifically, the Court ordered Mr. McDougald to pay the appropriate filing fee no later than October 28, 2018. The Order specifically informed Mr. McDougald that failure to pay the fee by that date would result in dismissal of this action.

Mr. McDougald failed to pay the fee. Instead, on December 17, 2018, Mr. McDougald filed a Motion to Amend his Complaint to Add Imminent Danger (Doc. 6). In that Motion, Mr. McDougald primarily restated his concerns relating to his assigned housing unit, overall mental health treatment, and his 2017 removal from suicide watch. However, he added allegations that he was sprayed "with a deadly amount of OC spray on Oct. 15, 2018, and denied medical treatment." (Doc. 6 at PageID 37.) He also averred that mental health workers at SOCF are conspiring with Correctional Officers to murder him and "keep me in the cell 24 hrs a day until I hallucinate and kill myself and get depressed until I eat feces." (*Id.* at PageID 37, 41.) He requests $2,000,000 in damages and a transfer to "a mental health ODRC Correctional Institution." (*Id.* at PageID 41.)

To qualify for in forma pauperis status under the "imminent danger" exception to the three strikes rule contained in 28 U.S.C. § 1915(g):

> A plaintiff "must . . . show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor,* 508 Fed.Appx. at 492 (internal quotation marks omitted).
> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder,* 290 Fed.Appx. 796, 797 (6th Cir.2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also Taylor,* 508 Fed.Appx. at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth,* 443 Fed.Appx. 944, 946 (6th Cir.2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer,* 502 F.3d at 371 n. 1 (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner,* 290 Fed.Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor,* 508 Fed.Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

With regard to Mr. McDougald's allegations, the Court concludes that the failure to provide medical treatment for the alleged October 15, 2018 "deadly amount of OC spray" did not exist at the time of McDougald's July 30, 2018 complaint, and is, therefore, not an appropriate amendment to the instant action. Accordingly, his request to amend his complaint to include this allegation is denied.

The Court has no doubt that Mr. McDougald struggles with mental health challenges and in obtaining the best possible treatment for those challenges. However, viewed in context with his Complaint in this case and with the allegations contained in many of his prior lawsuits in the Southern District of Ohio, the Court finds that the allegations are insufficient to allow a court to draw reasonable inferences that the danger presently exists. Accordingly, Mr. McDougald's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) is **DENIED**. As he has failed to pay the necessary fees, his Complaint is hereby **DISMISSED**, and this matter is closed. All other pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: January 31, 2019  S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court